## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## WESTERN DIVISION

| | |
|---|---|
| FLORIDA EWINGS, Administratrix of the<br>Estate of Hazel Tatum Bowers, Deceased | PLAINTIFF/<br>COUNTER DEFENDANT |
| v.                                    No. 4:07CV00649 JLH | |
| CLEVELAND ROBERT ELLIS | DEFENDANT/<br>THIRD PARTY PLAINTIFF |
| v. | |
| BANK OF AMERICA, N.A. | THIRD PARTY DEFENDANT |

**OPINION**

Cleveland Robert Ellis has filed a notice of removal and an amended notice of removal of this action from the Circuit Court of Pulaski County. Twenty-Eight U.S.C. § 1441(a) provides, in pertinent part, "Any civil action brought in a State court in which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States where the district and division embracing the place where such action is pending." Twenty-Eight U.S.C. § 1447(c) provides, in pertinent part, "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

Here, it appears that this Court lacks subject matter jurisdiction. From a review of the complaint, it appears that the plaintiff, Florida Ewings, and the defendant, Cleveland Robert Ellis, are both citizens of the State of Arkansas. Therefore, this Court does not have diversity of citizenship jurisdiction under 28 U.S.C. § 1332. The other statute that conceivably could provide this Court with original jurisdiction is 28 U.S.C. § 1331, which provides that the district courts have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States. Removal based on federal question jurisdiction is proper only where a federal question is

presented on the face of the plaintiff's properly pleaded complaint. *Phipps v. F.D.I.C.*, 417 F.3d 1006, 1010 (8th Cir. 2005). This rule makes the plaintiff the master of the claim and allows the plaintiff to avoid federal jurisdiction by exclusive reliance on state law. *Id.*

Here, the complaint is one for unlawful detainer pursuant to Ark. Code Ann. § 18-60-304. No issue of the complaint arises under the Constitution, laws, or treaties of the United States; all of the issues arise under the laws of the State of Arkansas. Ellis makes numerous allegations in his notice of removal and in his amended notice of removal the gist of which is that Ewings has conspired with others to deprive him of rights guaranteed by the Constitution and laws of the United States. Because the Court must look to the well-pleaded complaint, those allegations do not create jurisdiction under 28 U.S.C. § 1331.

Because this case does not arise under the Constitution, laws, or treaties of the United States, and because there is not complete diversity of citizenship, this Court does not have jurisdiction. Therefore, this case will be remanded to the Circuit Court of Pulaski County, Arkansas.

IT IS SO ORDERED this 27th day of July, 2007.

J. LEON HOLMES
UNITED STATES DISTRICT JUDGE